IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA,

          Plaintiff,

    v.

THONGSOUK THENG LATTANAPHOM,

          Defendant.
_____/

NO. CR. S-99-0433-04 WBS

ORDER

----oo0oo----

The court has read and considered defendant Lattanaphom's motion for reconsideration of this court's oral order denying defendant's request to file certain documents under seal. The reasons for the court's order were expressed orally on the record at the time of the sentencing hearing on March 3, 2010. As the court indicated, the documents, originally provided by defendant Lattanaphom, were considered by the court in imposing sentence. As such, it was important that they be made a part of the record.

There is a presumption of public access to documents filed in connection with a criminal proceeding. United States v.

1

1  Suarez, 880 F.2d 626, 630 (2d Cir. 1989).  As Judge Easterbrook
2  put it in Krynicki v. Falk, 983 F.2d 74, 75 (7th Cir. 1992):
3   What happens in the halls of government is presumptively
    open to public scrutiny.  Judges deliberate in private
4   but issue public decisions after public arguments based
    on public records.  The political branches of government
5   claim legitimacy by election, judges by reason.  Any
    step that withdraws an element of the judicial process
6   from public vies makes the ensuing decision look more
    like fiat; this requires rigorous justification.
7
8  Here, the court imposed a lengthy sentence upon the defendant,
9  and the public is entitled to know all the reasons why.
10          Defendant has provided no persuasive reason to place
11 the documents under seal.  The proffered reason, that defendant
12 fears retaliation by the other defendants if the fact that he
13 made the letters known to the court is disclosed, is not
14 supported by any evidence other than the statements of
15 Lattanaphom himself, who for the reasons stated at the time of
16 the sentencing hearing is not worthy of belief.  The court finds
17 Lattanaphom's professed fear of his co-defendants to be no more
18 than a thinly veiled attempt to gain the sympathy of the court,
19 and unfounded in reality.
20          The letters which defendant seeks to place under seal
21 contain instructions from co-defendant John That Luong as to how
22 Lattanaphom should testify at trial, and for the most part he
23 followed those instructions.  His testimony at trial carefully
24 avoided inculpating his co-defendants, as he was instructed to
25 do.  Further, the letters were not made known to the court until
26 after their author, John That Luong, had been sentenced, so that
27 their disclosure had no adverse impact on him.  There is no
28 reason to infer from those facts that Luong, or anyone else,

2

would have any reason to retaliate against Lattanaphom.

Further, as discussed at the hearing on March 3, 2010, the letters, which are now known to counsel for the government <u>may</u> contain information which the government has a duty to disclose to other defendants under <u>Brady v. Maryland</u>, 473 U.S. 83 (1963).  In that regard, the court finds Lattanaphom's suggestions that the court impose limitations on the United States Attorney which would permit disclosure to co-defendants' attorneys but preclude them from communicating the information to their clients to be unacceptable.

IT IS THEREFORE ORDERED that defendant Lattanaphom's motion to reconsider its order denying defendant's request to file documents under seal be, and the same hereby is, DENIED.

DATED:  March 12, 2010

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE